**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Honorable Janet S. Baer |
| CITE, LLC., ) | |
| ) | Case No. 21-13730 |
| Debtor. ) | |
| ) | Subchapter V-Chapter 11 |
| ) | |

## **AMENDED ORDER AUTHORIZING SALE FREE AND CLEAR**

This matter coming before the Court for the final hearing on the motion (the "**Sale Motion**") [Docket No. 164] filed by the Trustee (as defined in ¶ 3) for the captioned Bankruptcy Estate (the "**Trustee**") created when the Debtor, CITE, LLC (the "**Debtor**") filed its petition for relief under the United States Bankruptcy Code (11 U.S.C. §§ 101, et. seq., the "**Bankruptcy Code**") seeking, among other things, orders approving bidding procedures, and authorizing and approving the sale of the Debtor's assets free and clear of liens, claims and encumbrances pursuant to a purchase and sale agreement; and the Court having entered an order (the "**Bidding Procedures Order**") [Docket No. 169] on May 18, 2022, authorizing and approving, among other things, bidding procedures in connection with the sale of substantially all of the Debtors' assets, and scheduling an auction; and the Court having reviewed the record in this Case, and having heard statements of counsel; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Sale Motion and those presented to the Court at the Sale Hearing establish just cause for the relief granted herein;

**NOW, THEREFORE, THE COURT HEREBY FINDS, CONCLUDES AND/OR ORDERS THAT:**

(1) This Court has jurisdiction and authority to enter this Order and grant the relief set forth herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (N) and (0) and §§ 363(b) and (f) of the Bankruptcy Code. The venue of this Chapter 11 Case (the "**Case**") in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

(2) The Court intends for this Order to be a final and appealable order within the meaning of 28 U.S.C. § 158(a).

(3) On December 3, 2021 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the Case. The Debtor designated itself as a small business debtor eligible for relief under "Subchapter V" of Chapter 11. The Office of the United States Trustee appointed Robert Handler, as the Subchapter V Trustee for the Case (the "**Trustee**").

(4) On March 25, 2022, the Court entered an order that removed CITE, LLC as debtor-in-possession under 11 U.S.C. § 1185 and provided that under 11 U.S.C. § 1183(b)(5), the Debtor's duties under 11 U.S.C. §§ 704(a)(8) and 1106(a)(1), (2), and (6) will be performed by Robert Handler, the Subchapter V Trustee.

(5) The Debtor's primary assets consist of Real Property commonly known as 505 N. Lake Shore Drive, Units 207, 209, 209-A, 224, and 7000, Chicago, IL 60611. The Debtor's assets also consist of the tangible personal property used and useful in the operation of the restaurant known as Cité Restaurant located on the 70th floor of Lake Point Tower (the foregoing parcels of real estate are collectively referred to as the "**Real Estate**" and the tangible property used and useful in the operation of CITE LLC, other than the Real Estate, is known as the "**Personal Property**" and collectively the Real Estate and the Personal Property are known as the "**Sale Property**").[1]

(6) On May 18, 2022, the Court entered a Sale Procedures Order authorizing the Trustee to implement a process for selling the Sale Property. [Docket No. 169]

(7) In accordance with the Sale Procedure Order, notice of the Auction was provided to all parties in interest. As evidenced by the certificate of service filed on the Docket on June 2, 2022 [Docket No. 184], proper, timely, adequate and sufficient notice of the Sale Motion, the relief granted herein and the Sale Hearing

---

[1] For the avoidance of doubt, (a) the Sale Property consists of only the assets set forth in ~~Section~~Sections 2.1(a) and (b) of the PSA appended hereto as Exhibit 1. ~~The~~, (b) nothing in this Order or the PSA is intended to, or shall, affect any liens, claims, encumbrances or interests on, against or in any property of the Debtor other than the Sale Property, including any liens, claims, encumbrances or interests on, against or in the 'Excluded Property' as such term is defined in the PSA and (c) the Sale Property does not include any causes of action available to the Bankruptcy Estate pursuant to any of the provisions under §§ 541 through 553 of the Bankruptcy Code.

has been provided in accordance with §§ 102 and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, and the Sale Procedures Order. Such notice was good and sufficient, and appropriate under the circumstances. No other or further notice of the Sale Motion, the relief granted herein, the Sale Hearing or the entry of this Order is necessary or shall be required.

(8) The Trustee and his professionals, agents and other representatives have complied in all respects with the Sale Motion. Under the circumstances, the Trustee and his professionals, agents and other representatives have adequately and appropriately marketed the Sale Property. The Sale was duly noticed and conducted in a diligent, non-collusive, fair and good faith manner, and the bidding procedures afforded a full, fair and reasonable opportunity for any person or entity to qualify as a bidder, participate in the bidding process and make a higher or otherwise better offer to purchase the Sale Property.

(9) The Trustee and his professionals, agents and other representatives (a) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Sale Property, and (b) faithfully executed their duties in considering all offers and bids throughout the bidding process and in determining that Lakeshore Commercial Properties LLC ("**LCP**" or "**Purchaser**") is the successful bidder for the Sale Property on the terms and conditions set forth in the Purchase and Sale Agreement (the "**PSA**") attached hereto as Exhibit 1.

(10) All objections to the relief granted herein, whether filed, stated on the record in Court or otherwise, are OVERRULED on the merits and with prejudice to the extent they have not been withdrawn, waived or resolved. Al1 objections to the relief granted herein that were not timely filed are forever barred.

(11) Republic Bank, in reliance on the Trustee agreeing to sell the Sale Property to Purchaser pursuant to this Order in its current form and substance, elected not to exercise its rights under § 363(k) of the Bankruptcy Code to credit bid. At the Closing of the Sale, the Trustee is authorized to disburse sale proceeds of ~~up to $3,400,000~~not less than $3,500,000 to Republic Bank, in partial satisfaction of Republic Bank's secured claim and without prejudice to further distributions to Republic Bank on account of any of its claims. Pursuant to the agreement of Republic Bank, the Court directs that at the Closing (a) $100,000 of the proceeds payable to Republic Bank from the Sale shall be transferred to the Trustee for the Trustee's costs and expenses of administering the bankruptcy estate and (b) $215,500 of the sale proceeds shall be payable to Hilco Real Estate in satisfaction of any commissions due and payable to any real estate brokers, including Hilco Real Estate, as broker for the Trustee and any real estate broker for Purchaser, and (c) $300,000 shall be deposited or retained in an escrow account pending the outcome of a dispute between the Trustee and the Lake Point Tower Condominium Association (the "**Association**") related to the roof for CITE, which funds are

subject to the security interest and liens of Republic Bank.  Hilco shall promptly satisfy and pay any brokerage commission owed to the broker for the Purchaser.

(12) The offer of Purchaser, upon the terms and conditions set forth in the PSA, including the form and the total consideration to be realized by the Estate pursuant to the PSA: (a) is the highest and best offer received by the Trustee for the Sale Property after extensive marketing, including through the Bidding Procedures; (b) is fair and reasonable; (c) is in the best interest of the Bankruptcy Estate, the Debtor, and its creditors; and (d) constitutes full and adequate consideration and reasonably equivalent value for the Sale Property.

(13) Purchaser is the successful bidder for the Sale Property in accordance with the Bidding Procedures Order.  The Trustee's determination that the Sale set forth in the PSA constitutes the highest and best offer for the Sale Property is a valid and sound exercise of the Trustee's business judgment. The Trustee has determined that the sale of the Sale Property under the terms set forth in the PSA represents the best opportunity for the estate to realize the greatest value for the Sale Property and will provide a greater recovery for creditors and interest holders than would be provided by any other practical or available alternative.

(14) The Trustee has demonstrated a sufficient and sound business purpose and basis to enter into the PSA, sell the Sale Property on the terms outlined therein under § 363(b) and (f) of the Bankruptcy Code, and all such actions are appropriate

exercises of the Trustee's business judgment and in the best interests of the Bankruptcy Estate. the Debtor, creditors, and interest holders. The PSA and all of the terms and conditions thereof, are hereby approved.

(15) The Sale of the Sale Property to Purchaser as set forth in the PSA is approved free and clear of any and all liens, claims, encumbrances and interests pursuant to §§ 105 and 363(b) and (f) of the Bankruptcy Code, and the Trustee and Purchaser and their respective affiliates, officers, directors, employees, professionals, agents and other representatives are authorized to immediately take any and all such actions as are necessary or appropriate to consummate and implement the PSA.

(16) Pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code, the Trustee is authorized to transfer the Sale Property to the Purchaser at Closing (as defined in the PSA). The Sale Property shall be transferred to Purchaser "as is, where is" to the extent provided in the PSA upon and as of the Closing. The purchase and sale of the Sale Property and the related transfer constitutes a legal, valid, binding and effective transfer of the Sale Property and shall be free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever (collectively, "**Liens and Claims**") because one or more of the standards set forth §§ 363(f)(l)-(f)(5) of the Bankruptcy Code have been satisfied. Accordingly, all persons or entities having Liens and Claims against or in any of the Sale Property shall be forever barred, estopped and permanently enjoined from pursuing or asserting such

Liens and Claims against the Sale Property, Purchaser or any of Purchaser's assets, property, successors or assigns. Upon the entry of this Order, any and all Liens and Claims as against the Sale Property are deemed waived, released, and discharged with such Liens and Claims being transferred to the proceeds of the Sale Property.

(17) The Trustee is authorized to execute and deliver the PSA, together with all additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the PSA and effectuate the provisions of this Order and the transactions approved hereby, all without further order of the Court. The PSA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that such modification, amendment or supplement does not have a material adverse effect on the Bankruptcy Estate.

(18) Purchaser and its professionals, agents and other representatives have complied in all respects with the bidding procedures and all other applicable orders of this Court in negotiating and entering into the PSA, and the Sale and the PSA comply with the bidding procedures and all other applicable orders of this Court.

(19) Neither Purchaser nor any of its affiliates, members, officers, directors, shareholders or any of their respective successors and assigns is an "insider" or

"affiliate" of the Debtor, as those terms are defined in §§ 101(31) and 101(2) of the Bankruptcy Code, respectively. No common identity of directors or controlling shareholders exists between the Debtor and Purchaser.

(20) The Sale contemplated by the PSA is undertaken by Purchaser without collusion and in "good faith," as that term is defined in § 363(m) of the Bankruptcy Code and the Purchaser is a "good faith" purchaser within the meaning of § 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorizations provided herein to consummate and close the Sale shall not affect the validity of the Sale unless such authorizations, consummation and Closing of such Sale is duly stayed pending such appeal.

(21) Purchaser is not a mere continuation of the Debtor. In particular, for the avoidance of doubt, the term "**Liens and Claims**" as used herein includes, without limitation, any mortgage, lien (as such term is defined in 11 U.S.C. § 101(37), including any mechanic's, materialman's, broker's, statutory, cash collateral or carve out lien or any other consensual or non-consensual lien), security interest, lawsuit, charge, hypothecation, deed of trust, pledge, right of use, first offer or refusal, servitude, restrictive covenant, lease, sublease, covenant, right of way, option, restriction (including any restriction on transfer or on the use, voting, receipt of income or other rights or exercise of any attributes of ownership), conditional sale or other title retention agreements, interest, encumbrance of any kind, debt, liability, obligation or claim (as that term is defined in 11 U.S.C. §

105(5)), and including any claim against either Purchaser and/or any of the assets or properties of Purchaser (including the Sale Property) based on a theory of successor liability, alter-ego or any similar theory of liability, and all costs and expenses relating thereto.

(22) Except as specifically provided by the PSA or this Order, all entities holding Liens and Claims or interests in or on any portion of the Sale Property arising under or out of, in connection with or in any way relating to the Debtors, the Sale Property, the operation of the Debtor's business prior to the Closing Date or the transfer of the Sale Property to Purchaser, are forever barred, estopped and permanently enjoined from asserting against Purchaser or its successors or assigns, their property or the Sale Property, any such Liens and Claims on the Sale Property.

(23) On or before the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release Liens and Claims on the Sale Property, if any, as provided for herein, as such Liens and Claims may have been recorded or may otherwise exist. Any creditor's failure and/or refusal to release such Liens and Claims on the Sale Property shall not have any impact on the enforceability of any provision of this Order, including, but not limited to, any provision providing that the Sale shall be free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever

(24) Upon consummation and Closing of the Sale, the Trustee and Purchaser are authorized to file termination statements or lien terminations in the name of or on behalf of any lien creditor in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect or otherwise notice any Lien and Claim that is extinguished or otherwise released pursuant to this Order under § 363 and the related provisions of the Bankruptcy Code. Notwithstanding the preceding, the provisions of this Order authorizing the transfer of the Sale Property free and clear of all Liens and Claims shall be self-executing, and the Trustee, Purchaser and creditors shall not be required to execute or file releases, termination statements, assignments, consents or other instruments in order for the provisions of this Order to be effectuated, consummated and/or implemented.

(25) All persons and entities that are in actual or constructive possession of, or that have the ability to control the surrender or delivery of, some or all of the Sale Property are directed to surrender or deliver possession of the Sale Property to Purchaser at the Closing or to cause any applicable third party to surrender or deliver possession of the Sale Property to Purchaser at Closing, at no cost to Purchaser.

(26) Effective upon Closing, all entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral

or other proceeding of any sort whatsoever, against Purchaser, its successors and assigns, or the Sale Property, with respect to any Liens and Claims arising under, out of, in connection with or in any way relating to the Debtor or the Sale Property prior to the Closing.

(27) Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) the Case, (b) any subsequent chapter 7 case into which this Case may be converted, or (c) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the PSA or the terms of this Order.

(28) Time is of the essence in consummating the Sale. To maximize the value of the Sale Property and minimize the costs incurred by the Bankruptcy Estate, it is essential that the Sale occur promptly, and within the time constraints set forth in the PSA. Pursuant to Bankruptcy Rules 9014 and 6004(h), this Order shall be effective immediately upon entry and Trustee and Purchaser are authorized to close the Sale immediately upon entry of this Order.

(29) The failure specifically to include any particular provision of the PSA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the PSA be authorized and approved in its entirety.

(30) To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this Case, the terms of this Order shall govern.

(31) To the extent there are any inconsistencies between the terms of this Order and the PSA (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

(32) [A copy of the form of Agreement referenced in Section 7.1(g) of the PSA will be referenced and attached]

(33) The Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Order and the PSA, all amendments thereto and any waivers and consents thereunder, and each of the agreements executed in connection therewith to which the Trustee or the Debtor are a party or which has been assigned to Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale or the Sale Property.

(34) The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, made applicable to this proceeding under Bankruptcy Rule 9014. To the extent that any of the findings of fact herein constitute conclusions of law, they are adopted as such.

To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

August __, 2022                         ENTERED:

                                        _____
                                        Hon. Janet S. Baer
                                        United States Bankruptcy Judge

Document comparison by Workshare Compare on Tuesday, August 9, 2022 5:41:24 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\WJF-SVR-016\Worldox\Data\Client\2276\001\~VER\1\00224792.DOCX |
| Description | 00224792 |
| Document 2 ID | file://\\WJF-SVR-016\Worldox\Data\Client\2276\001\00224792.DOCX |
| Description | 00224792 |
| Rendering set | Standard no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 10 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 16 |